## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHEILA KULP | : | |
| 205 West Glencove Avenue | : | |
| Northfield, NJ 08225 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | DOCKET NO.: |
| v. | : | |
| | : | |
| MEDCOM HEALTH SERVICES, P.A. | : | |
| 258 North New Road | : | |
| Pleasantville, NJ 08232 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Sheila Kulp (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     This action has been initiated by Plaintiff against MedCom Health Services, P.A. (*hereinafter* "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq*.), and the New Jersey Law Against Discrimination ("NJ LAD").  Plaintiff asserts, *inter alia*, that she was discriminated against and unlawfully terminated by Defendant.  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-

law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the District of New Jersey.

5.      Plaintiff is proceeding herein (in part) under the ADA and the ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## **PARTIES**

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      MedCom Health Services, P.A. is a medical group practice, with an address as set forth in the above-caption.

9.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was employed by Defendant on and off for an approximately 18-year span, with her most recent span of employment beginning in or about 2015.

12.     Plaintiff was most recently employed with Defendant as a part-time billing assistant/administrative clerk; however, over her long tenure with Defendant, she also worked in Accounts Receivable and Patient Insurances, as well as some Human Resources work.  Thus, Plaintiff was capable of filling many roles in the office.

13.     Plaintiff was primarily supervised by Billing Manager, Patricia Vaughn (*hereinafter* "Vaughn"), Office Manager, Nina VanScoy (*hereinafter* "VanScoy"), and IT Manager/Cardiac Tech, Sami Rajput (*hereinafter* "Rajput").

14.     Plaintiff is a 60-year-old female and one of the oldest employees working for Defendant.

15.     Toward the latter part of her tenure with Defendant, Plaintiff was treated in a discriminatory and disparate manner because of her age by Defendant's management and younger co-workers, including but not limited to: (1) being talked down to and belittled by Rajput, unlike her younger employees; and (2) being chastised and belittled by Rajput and her younger co-workers for purportedly not "picking up things" on Defendant's computer system as quickly as younger.

3

16.     Plaintiff was also treated in a discriminatory and disparate manner by Defendant's management because of her health conditions and requests for accommodations.

17.     Plaintiff has and continues to suffer from several disabilities including, but not limited to pulmonary (lung) conditions and mental health conditions (anxiety), often resulting in shortness of breath and coughing fits.

18.     At all times relevant hereto, Defendant's management was aware of her health conditions.

19.     Despite Plaintiff's aforesaid health conditions, she was still able to perform the duties of her job well with Defendant; however, she did require reasonable medical accommodations including but not limited to intermittent time off for doctor's visits and to care for and treat for her aforesaid health conditions.

20.     Defendant's management, however, including but not limited to VanScoy exhibited frustration and irritation with Plaintiff's need for time off for doctor's visits (despite providing a doctor's note for same), often shaking her head in annoyance at Plaintiff.

21.     In or about mid-March of 2020, Defendant closed its office and furloughed all of its employees, including Plaintiff, as a result of the COVID-19 pandemic.

22.     A few months later, in or about the end of June/early July of 2020, Defendant began to bring back employees; however, Defendant never reached out to Plaintiff, despite the fact that VanScoy promised that Plaintiff would be brought back when the office reopened.

23.     Plaintiff reached out to Defendant on several occasions over the next several months, with the last time being in or about early April of 2021 (a text message to the owner). However, each time VanScoy brushed Plaintiff off, stating that the "doctor isn't bringing anyone else back at this time" and the owner ignored Plaintiff's text message entirely.

24.     Plaintiff later discovered that as of November/December of 2020, she was the only employee who has not been brought back to work for Defendant, despite contacting Defendant on several occasions.

25.     Therefore, because Defendant failed to reinstate Plaintiff by in or about November/December of 2020, Plaintiff believes and therefore avers that she was terminated and/or constructively terminated from her employment with Defendant.

26.     Following Plaintiff's termination, her duties in medical billing are still needed as Defendant has more work than the current billing employees can effectively handle.  Moreover, Plaintiff could have performed several other duties for Defendant based on the work she had performed for Defendant over the span of her 18-year tenure.

27.     Additionally, far younger, non-disabled, less experienced, and less tenured employees were reinstated and/or retained over Plaintiff.

28.     Plaintiff believes and therefore avers that she was not reinstated and/or terminated/constructively terminated because of (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations; and (4) her advanced age.

## COUNT I
### Violation of the Americans with Disabilities Act ("ADA")
**([1] Actual/Perceived/Record of Disability Discrimination; and [2] Retaliation)**

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities.

31.     Plaintiff kept Defendant's management informed of her serious medical conditions and need for medical treatment and other accommodations.

32.     Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable accommodations at times.

33.     Plaintiff requested reasonable accommodations from Defendant, including but not limited to intermittent time off for doctor's visits and to care for and treat for her aforesaid health conditions.

34.     Defendant furloughed its employees, including Plaintiff, in or about March of 2020, as a result of the COVID-19 pandemic.

35.     Plaintiff later discovered that as of November/December of 2020, she was the only employee who has not been brought back to work/reinstated by Defendant following the COVID-19 furlough, despite contacting Defendant on several occasions.

36.     Plaintiff believes and therefore avers that she was not reinstated and/or terminated/constructively terminated from her employment with Defendant in or about November/December of 2020 because of: (1) her known and/or perceived health problems; (2) her record of impairment; and (3) her requested accommodations.

37.     These actions aforesaid constitute violations of the ADA.

**COUNT II**
**Violation of the New Jersey Law Against Discrimination ("NJ LAD")**
**([1] Actual/Perceived/Record of Disability Discrimination and [2] Retaliation)**

38.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.     Plaintiff suffered from qualifying health conditions under the NJ LAD which affected her ability (at times) to perform some daily life activities.

40.     Plaintiff kept Defendant's management informed of her serious medical conditions and need for medical treatment and other accommodations.

41.     Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable accommodations at times.

42.     Plaintiff requested reasonable accommodations from Defendant, including but not limited to intermittent time off for doctor's visits and to care for and treat for her aforesaid health conditions.

43.     Defendant furloughed its employees, including Plaintiff, in or about March of 2020, as a result of the COVID-19 pandemic.

44.     Plaintiff later discovered that as of November/December of 2020, she was the only employee who has not been brought back to work/reinstated by Defendant following the COVID-19 furlough, despite contacting Defendant on several occasions.

45.     Plaintiff believes and therefore avers that she was not reinstated and/or terminated/constructively terminated from her employment with Defendant in or about November/December of 2020 because of: (1) her known and/or perceived health problems; (2) her record of impairment; and (3) her requested accommodations.

46.     These actions aforesaid constitute violations of the NJ LAD.

**COUNT III**
**Violation of the Age Discrimination in Employment Act ("ADEA")**
**(Age Discrimination)**

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.     During Plaintiff's employment with Defendant, she was subjected to discrimination through disparate treatment, pretextual admonishment, and demeaning and/or derogatory treatment because of her age.

49.     Plaintiff was treated disparately with respect to policies, furlough, reinstatement and/or termination contrary to individuals substantially younger than her.

50.     Defendant furloughed its employees, including Plaintiff, in or about March of 2020, as a result of the COVID-19 pandemic.

51.     Plaintiff later discovered that as of November/December of 2020, she was the only employee who has not been brought back to work/reinstated by Defendant following the COVID-19 furlough, despite contacting Defendant on several occasions.

52.     Plaintiff was not brought back/reinstated following Defendant's COVID-19 furlough, while substantially younger, less experienced, and less tenured employees were reinstated and/or retained over Plaintiff.

53.     Plaintiff believes and avers that she was not reinstated and/or terminated/constructively terminated in or about November/December of 2020 because of her advanced age.

54.     These actions as aforesaid constitute unlawful age discrimination under the ADEA.

**COUNT IV**
**Violation of the New Jersey Law Against Discrimination ("NJ LAD")**
**(Age Discrimination)**

55.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56.     During Plaintiff's employment with Defendant, she was subjected to discrimination through disparate treatment, pretextual admonishment, and demeaning and/or derogatory treatment because of her age.

57.     Plaintiff was treated disparately with respect to policies, furlough, and termination contrary to individuals substantially younger than her.

58.     Defendant furloughed its employees, including Plaintiff, in or about March of 2020, as a result of the COVID-19 pandemic.

59.     Plaintiff later discovered that as of November/December of 2020, she was the only employee who has not been brought back to work/reinstated by Defendant following the COVID-19 furlough, despite contacting Defendant on several occasions.

60.     Plaintiff was not brought back/reinstated following Defendant's COVID-19 furlough, while substantially younger, less experienced, and less tenured employees were reinstated and/or retained over Plaintiff.

61.     Plaintiff believes and avers that she was anot reinstated and/or terminated/constructively terminated in or about November/December of 2020 because of her advanced age.

62.     These actions as aforesaid constitute unlawful age discrimination under the NJ LAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's

illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.      Plaintiff is to be awarded any and all statutory enhancements available as a matter of law.

G.      Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  September 17, 2021